We reverse and remand for entry of an appropriate modified order.

A.A., ON BEHALF OF HIS SON, A.A., JR., PLAINTIFF-APPEL-
LANT, v. SAUL COOPERMAN, COMMISSIONER OF EDU-
CATION, NEW JERSEY DEPARTMENT OF EDUCATION, AND
FREEHOLD REGIONAL HIGH SCHOOL DISTRICT, DEFEND-
ANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 14, 1987—Decided May 29, 1987.

Before Judges ANTELL, LONG and D'ANNUNZIO.

*Alfred A. Slocum,* Public Advocate of New Jersey, attorney for appellant (*Carolyn I. Roscoe,* Assistant Deputy Public Advocate, on the brief).

*W. Cary Edwards,* Attorney General of New Jersey, attorney for respondent State Board of Education (*Michael R. Clancy,* Deputy Attorney General, of counsel, and *Regina A. Murray,* Deputy Attorney General, on the brief).

*Cerrato, O'Connor, Dawes, Collins, Saker & Brown,* attorneys for respondent Freehold Regional High School District (*Ronald J. Sama* on the brief).

The opinion of the court was delivered by,

ANTELL, P.J.A.D.

Plaintiff is the father of A.A., Jr., an orthopedically handicapped child who has been voluntarily placed by plaintiff in a private school for his secondary school education. A.A., Jr.'s handicap requires the use of an individual motor vehicle with curbside drop-off and pick-up to transport him to and from school. The respondent local school district takes the position that under *N.J.S.A.* 18A:39–1a it need not pay more than $406 per annum for the boy's school transportation costs, an amount which is considerably less than the actual expense. Plaintiff brought this action before the Department of Education seeking to compel payment of the full cost of his special transportation requirements.

The appeal before us is from a decision of the State Board of Education affirming a dismissal by the Commissioner of Education of plaintiff's application and denying, also, plaintiff's request for a due process hearing as provided for by *N.J.A.C.* 1:6A–2.2. The questions presented, therefore, on this appeal from the State Board of Education are whether under state and federal legislation and administrative regulations plaintiff is entitled to (1) payment of all special transportation expenses, and (2) a due process hearing before an independent hearing officer to determine his rights.

The federal Education of the Handicapped Act (EHA), 20 *U.S.C.* § 1400 *et seq.*, provides that "[i]t is the purpose of this chapter to assure that all handicapped children have available to them ... a free appropriate education which emphasizes special education and related services designed to meet their unique needs...." 20 *U.S.C.* § 1400(c). Special education is defined as "specially designed instruction, at no cost to parents or guardians, to meet the unique needs of a handicapped child, including classroom instruction, instruction in physical education, home instruction and instruction in hospitals and institutions." § 1401(16). Related services are defined as "transportation, and such developmental, corrective, and other supportive

services ... *as may be required to assist a handicapped child to benefit from special education.*" § 1401(17). (Emphasis supplied). The "free appropriate public education" (FAPE) required by the EHA is tailored to the needs of the handicapped child by means of an "individualized educational program" (IEP). § 1401(18). The IEP, developed at a meeting between a qualified representative of the local educational agency, the teacher, the parents and, where appropriate, the child, is a written statement which includes

(A) a statement of the present levels of educational performance of such child, (B) a statement of annual goals, including short-term instructional objectives, (C) a statement of the specific educational services to be provided to such child, and the extent to which such child will be able to participate in regular educational programs, (D) the projected date for initiation and anticipated duration of such services, and (E) appropriate objective criteria and evaluation procedures and schedules for determining, on at least an annual basis, whether instructional objectives are being achieved. [§ 1401(19)].

A.A. Jr.'s IEP reveals that he is "currently functioning at or above grade level in all academic subjects," and recommends that he receive his education "in regular class." It further observes that "[a] special vehicle is needed for transportation that should meet the physical requirements of the student."

To qualify for federal financial assistance under the EHA, a state must submit a plan to the Secretary of Education, § 1413, which sets forth in detail a description of the programs and procedures designed to assure that the funds paid to the state will be expended in accordance with the provisions of the subchapter. §§ 1412, 1413. The state must demonstrate that it has established priorities for providing a FAPE to all handicapped children, first to handicapped children not receiving an education and second to handicapped children with the most severe handicaps who are receiving an inadequate education, § 1412(3), and must, "to the maximum extent appropriate," assure that handicapped children are educated with children who are not handicapped. § 1412(5). The EHA defines handicapped children to be "mentally retarded, hard of hearing, deaf, speech or language impaired, visually handicapped, seriously

emotionally disturbed, orthopedically impaired, or other health impaired children, or children with specific learning disabilities, who by reason thereof require special education and related services." § 1401(1).

The issue herein is not the availability of a FAPE. Respondent is offering a FAPE and transportation to a public school within the district. Plaintiff's contention is that even though he has voluntarily removed A.A., Jr. from the public school environment, respondent is "under a federal mandate" to provide related services, defined in § 1401(17) as transportation and other supportive services, as may be required to assist the child to benefit from his private school education.

A voluntary placement differs from a placement by the school district and each is governed by different sections of the implementing regulations. *See* 34 *C.F.R.* §§ 300.400–300.402, 300.450–300.452. The district may place the child in a private school as a means of providing special education and related services. *See* § 300.400. Such a special placement, for purposes of the EHA, does not differ from a district placement in a public school. *See* § 300.401. A.A., Jr. however, has been voluntarily placed in the private school by his parents. Thus, the question presented is whether A.A., Jr. is entitled to transportation as a "related service" even though his IEP does not indicate the need for special education and he does not receive special education in the private school which he attends.

In *Irving Independent School Dist. v. Tatro*, 468 *U.S.* 883, 104 *S.Ct.* 3371, 82 *L.Ed.*2d 664 (1984) the Supreme Court considered whether a handicapped child was entitled to receive clean intermittent catheterization (CIC) from the school district as a "related service."[1] The Court held that CIC is a "related

---

[1] The issues before the Court were, first, whether CIC is a supportive service required to assist a handicapped child to benefit from special education and, second, whether CIC is excluded from this definition as a medical service serving purposes other than diagnosis and evaluation under the definition of related services, § 1401(17). *Id.* at 890, 104 *S.Ct.* at 3375, 82 *L.Ed.*2d at 672.

service" under the EHA, and defined the circumstances in which "related services" are provided as follows:

> To keep in perspective the obligation to provide services that relate to both the health and educational needs of handicapped students, we note several limitations that should minimize the burden petitioner fears. First, to be entitled to related services, a child must be handicapped so as to require special education. See 20 USC § 1401(1) [20 USCS § 1401(1)]; 34 CFR § 300.5 (1983).[2] In the absence of a handicap that requires special education, the need for what otherwise might qualify as a related service does not create an obligation under the Act. See 34 CFR § 300.14, Comment (1) (1983).[3]
>
> Second, only those services necessary to aid a handicapped child to benefit from special education must be provided.... [*Id.* at 894, 104 *S.Ct.* at 3378, 82 *L.Ed.*2d at 674–675].

Under the foregoing judicial and administrative definitions A.A., Jr. is not educationally handicapped because he has not been found to require special education. It follows from this that related services auxiliary to special education are not mandated by the EHA.

In our view, A.A., Jr.'s entitlement to transportation derives solely from *N.J.S.A.* 18A:39–1. Under this statute, if the school district provides transportation to and from public schools for

---

The question was whether CIC was a service related to a FAPE, a service that, by enabling a handicapped child to remain at school during the day, is a means of providing her with "meaningful access" to public education. *Ibid.*

234 *C.F.R.* 300.5 reads as follows:

(a) As used in this part, the term "handicapped children" means those children evaluated in accordance with §§ 300.530–300.534 as being mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, orthopedically impaired, other health impaired, deaf-blind, multi-handicapped, or as having specific learning disabilities, *who because of those impairments need special education and related services.* (Emphasis supplied).

3Comment (1) reads as follows:

The definition of "special education" is a particularly important one under these regulations, since a child is not handicapped unless he or she needs special education.... The definition of "related services" (§ 300.13) also depends on this definition, since a related service must be necessary for a child to benefit from special education. Therefore, *if a child does not need special education, there can be no "related services" and the child (because not "handicapped") is not covered under the Act.* (Emphasis supplied).

pupils who reside remote from the school house, it must also do so for private school pupils. A.A., Jr. is being transported as a private school pupil, not as a handicapped child. What is provided by the statute is not the actual cost of the transportation but a fixed amount. Though inadequate, it is the only source available to recompense petitioner.

■ Finally, we conclude that the Commissioner correctly decided that plaintiff's grievance was not the proper subject of a due process hearing under 20 *U.S.C.* § 1415(b)(2). Such a hearing is required only where the issue involves the appropriateness of the local district's placement of the child, a decision on whether the child is handicapped or the evaluation of the child. 34 *C.F.R.* 300.506, 300.504(a)(1) and (2); *N.J.A.C.* 1:6A–2.1, 1:6A–2.2. It is here agreed that A.A., Jr. is handicapped, his IEP is not challenged by either party, his school placement is not drawn into question, and there is no need for a plenary hearing to make the applicable statutory interpretation.

Affirmed.